IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

          Petitioner,                    No. CIV S-06-0870 MCE DAD P

    vs.

SAN JOAQUIN COUNTY COURT
OFFICIALS, et al.,                    ORDER AND

          Respondents.             FINDINGS AND RECOMMENDATIONS

                                  /

          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the required filing fee of $5.00 or submitted an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

          Petitioner alleges that on July 3, 2002, in San Joaquin County Superior Court he entered a plea of nolo contendere to a charge of assault with a deadly weapon and was sentenced to a prison term of three years. An exhibit attached to the habeas petition reveals that the three-year prison term is to run consecutive to the prison term petitioner was already serving.

          Petitioner seeks relief in this court on the following grounds:

          Ground one: False evidence of unprobable [sic] cause was illegally used against me to wrongfully convict me on 7-3-02 in Stockton trial court resulting in my false incarceration, illegal sentence, cruel & unusual punishment against me, etc.

1

> Ground two: Illegally obtained evidence of false nature & unprobable [sic] cause was illegally allowed in the Stockton trial court proceedings and used against me to wrongfully convict me & illegally sentence me to 3 years on 7-3-02 in Stockton trial court pretrial conference proceedings
>
> Ground three: The prosecution, J. Soldati, the District Attorney, Thomas B. Teaford, etc. committed prejudicial misconduct miscarriage of justice, judicial trial court errors, malpractice, obstruction of justice, and the prosecution team, etc., J. Soldati should have known of the false nature of the evidence of unprobable [sic] cause that was used against me to wrongfully convict me, etc.
>
> Ground four: Ineffective assistance of counsel incompetence of counsel resulting in my misrepresented plea bargain obtained through or thru false promises, manipulation, coherscion [sic] or cohercsion [sic], lies, violation of attorney client priveleges [sic], etc.

Form Pet. at pages numbered 6 and 7.

Petitioner alleges that he appealed to the "San Joaquin County 'Court of Appeals'" on the ground of ineffective assistance of counsel and that his appeal was denied in April 2003. Petitioner does not allege that he filed a petition for review in the California Supreme Court. Petitioner does allege, however, that he has filed habeas petitions in the "San Joaquin County 'Superior Court of Stockton'" and the "San Joaquin County Court of Appeals, etc." on various grounds, that at least one petition has been denied, and that at least one petition is still pending.

Petitioner has attached to his habeas petition a copy of an order filed on March 24, 2006, in the San Joaquin County Superior Court denying four state habeas petitions filed by petitioner in the month of February 2006. The order indicates that "the appeal in the matter has in fact been completed and the judgment and conviction were affirmed in April 2003." The order states further that "[a]fter reviewing the record, the appellate court found no arguable error that would have resulted in a more favorable outcome." (Pet., Ex. at 1-2.) The court found that all four petitions were untimely, denied the claims alleged in the first petition on their merits, and denied the second, third, and fourth petitions as an abuse of the writ proceeding.

Petitioner is advised that the exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion cannot be waived except by explicit waiver of counsel for the proper respondent to the action. 28 U.S.C. § 2254(b)(3). In order to satisfy the federal exhaustion requirement, the petitioner must fairly present all of his federal claims to the state's highest court before he presents them to any federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In California, a federal claim is fairly presented to the state's highest court only when the claim is presented to the California Supreme Court either on direct appeal or in a habeas petition that describes the operative facts and the legal theories upon which the claim is based. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

The petitioner in this case does not appear to have exhausted state court remedies by presenting his claims to the California Supreme Court. Accordingly, this court cannot grant petitioner any relief relative to his 2002 San Joaquin County conviction. The undersigned will therefore recommend that this case be dismissed without prejudice for failure to exhaust state court remedies on any claim prior to filing this federal habeas action. If petitioner subsequently exhausts available state court remedies on his claims, he may commence a new federal habeas case.[1]

Petitioner is informed that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing § 2254 Cases). In this case, petitioner has named "San Joaquin County Court Officials, etc., Ms. or Mrs.

---

[1] Petitioner is cautioned that a one-year statute of limitations applies to the filing of non-capital habeas corpus petitions in federal court. In most cases, the one-year period of limitation begins to run on the date on which the defendant's judgment became final by the conclusion of direct review or by the expiration of his time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

1 Evans, D. Travers, Mr. Allison, etc." as the respondents. It does not appear that any of these
2 individuals is the warden who has custody of petitioner. A petition that does not name the proper
3 respondent must be dismissed. See <u>Stanley</u>, 21 F.3d at 360. If petitioner files a new habeas case
4 after exhausting state court remedies, he must name as respondent the warden of the institution in
5 which he is confined at that time.

6          Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a
7 copy of this order and findings and recommendations, together with a copy of the habeas petition
8 filed April 24, 2006, upon the Attorney General of the State of California; and

9          IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus
10 be dismissed without prejudice for failure to exhaust state court remedies on any claim alleged in
11 the application.

12          These findings and recommendations will be submitted to the United States
13 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
14 twenty days after being served with these findings and recommendations, petitioner may file
15 written objections with the court. A document containing objections should be titled "Objections
16 to Findings and Recommendations." Petitioner is advised that failure to file objections within
17 the specified time may, under certain circumstances, waive the right to appeal the District Court's
18 order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19 DATED: April 26, 2006.

                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

23 DAD:13
yona0870.103